```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Eddie W. McCain,                :

        Plaintiff,     :   Case No. 2:14-cv-1384

  v.                            :   JUDGE JAMES L. GRAHAM
                                          Magistrate Judge Kemp
Dr. B. Woods, et al.,           :

        Defendants.    :

### REPORT AND RECOMMENDATION

Plaintiff, Eddie W. McCain, a state prisoner housed at the London Correctional Institution, filed this 42 U.S.C. §1983 case claiming that his constitutional rights were violated when he received inadequate medical treatment after he slipped and fell on ice while in prison. Currently before this Court is a motion to dismiss filed by defendants Dr. Woods, Nurse Murphy, and Dr. Eddy. (Doc. 5). For the reasons set forth below, the Court will recommend that the motion to dismiss be granted.

### I.  Background

On November 10, 2014, this Court granted Mr. McCain leave to proceed in forma pauperis. On the same day, Mr. McCain filed his complaint against defendants Dr. Woods, Nurse Murphy, Dr. Eddy, and an unknown number of John and Jane Does, alleging that the defendants were deliberately indifferent to his serious medical needs which arose in February, 2013 after he slipped and fell on ice outside of his dorm. Mr. McCain asserts that the fall resulted in serious injuries to his back, neck, and right arm and that he sought medical treatment relating to those injuries. Mr. McCain claims that the care he received did not treat his injuries adequately, and that the medication prescribed to him caused him to suffer liver damage. Mr. McCain seeks a declaratory judgment stating that the defendants failed to provide him with adequate medical care and violated his rights

under the Eighth Amendment to the United States Constitution. Mr. McCain also seeks injunctive relief in the form of an order requiring the defendants to immediately arrange for physical therapy for him or "other follow-up medical treatment" to include a prompt evaluation by an expert medical practitioner able to provide him with the proper medication. (Doc. 3 at 17). Further, Mr. McCain seeks the following compensatory damages:

> $300,000 jointly and severally against defendant's [sic] Dr. Woods, Mrs. Murphy, Unknown Number of member of the Ohio Department of Rehabilitation and Corrections Medical Collegial Review Committee and Dr. Eddy, Director for The Inmate Health Services and a member of Collegial Review for the Ohio Department of Rehabilitation and Corrections and their agents, for their [sic] physical and emotional injury resulting from their failure to provide adequate medical care for the plaintiff's serious medical needs.

Id. at 17-18. Mr. McCain also seeks the following punitive damages:

> $300,000 each against defendants Dr. Woods, Mrs. Murphy, Unknown Number of member of the Ohio Department of Rehabilitation and Corrections Medical Collegial Review Committee and Dr. Eddy, Director of Inmate Health Services and member of Collegial Review.

Id. at 18. Finally, Mr. McCain seeks any other relief to which he is entitled.

On December 10, 2014, defendants Dr. Woods, Nurse Murphy, and Dr. Eddy filed a motion to dismiss this lawsuit pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 5). Mr. McCain filed a memorandum in opposition to the motion (Doc. 10), and the defendants filed a reply brief (Doc. 11). Thus, the motion to dismiss has been briefed fully, and it is now ripe for consideration.

## II. Discussion

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products

v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue in a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).

When analyzing a claim under a 12(b)(6) motion to dismiss, a court must take all well-pleaded factual allegations as true and construe those allegations most favorably toward the non-movant. Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009). Federal Rule of Civil Procedure 8(a) admonishes a court to look only for a "short and plain statement of the claim showing that the pleader is entitled to relief," rather than requiring the pleading of specific facts. Erickson v. Pardus, 551 U.S. 89, 93 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. 5A Wright & Miller, Federal Practice and Procedure §1356 (1990).

On the other hand, more than bare assertions of legal conclusions are required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotes omitted).

When a court considers a 12(b)(6) motion to dismiss, it "may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 665 (2009). However, "[w]hen

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.  To survive a motion to dismiss, a plaintiff's claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  Finally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "and should therefore be liberally construed." Williams v. Curtain, 631 F.3d 380, 383 (6th Cir. 2011).

In their motion to dismiss, the defendants argue that the complaint should be dismissed on the grounds that, inter alia, Mr. McCain has failed to exhaust his administrative remedies prior to bringing this lawsuit.  The PLRA requires a prisoner to exhaust administrative remedies prior to filing an action in federal court.  42 U.S.C. §1997e(a).  "To exhaust a claim, a prisoner must proceed through all of the steps of a prison or jail's grievance process, because an inmate 'cannot abandon the process before completion and claim that he has exhausted his remedies.'" Umani v. Caruso, 2008 WL 2216283, at *5 (E.D. Mich. May 27, 2008), quoting Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999).  Although exhaustion is not a jurisdictional prerequisite, it is a mandatory requirement. See Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999).  Failure to exhaust properly bars suit in federal court. See Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378 (2006).

Prisoners are not required to plead and prove exhaustion in their complaint.  Rather, failure to exhaust is an affirmative defense. See Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007).

Compliance with the grievance procedures will vary between systems and from claim to claim, "but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. at 921. Exhaustion is mandatory even if proceeding through the administrative process would appear to the inmate to be "futile." Hartsfield, 199 F.3d at 308-10. That is, "there is no futility exception to the exhaustion requirement." Unami at *6, citing Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001). As the Court of Appeals has observed, "[t]he point of the PLRA exhaustion requirement is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." Reed-Bey v. Pramstaller, 603 F.3d 322, 324 (6th Cir. 2010).

Ohio has established a procedure for resolving inmate complaints. Ohio Admin. Code §5120-9-31. To properly exhaust a claim seeking relief "related to any aspect of institutional life that directly and personally affects the [inmate]," an inmate must comply with a three-step grievance system. Ohio Admin. Code §5120-9-31(K). For the first step, the inmate must submit an informal complaint to the staff member or the direct supervisor of the staff member or to the department most directly responsible over the subject matter with which the inmate is concerned. Ohio Admin. Code §5120-9-31(K)(1). Such action must be taken "[w]ithin fourteen calendar days of the date of the event giving rise to the complaint...." Id. If the inmate is not satisfied with the results, he may take the second step by filing a formal grievance with the inspector of institutional services at the prison where he is confined. Ohio Admin. Code §5120-9-31(K)(2). That inspector will investigate the matter and issue a written response to the inmate's grievance within

fourteen calendar days of receipt.  Id.  If the inmate is still dissatisfied, he may pursue a third step, which is an appeal to the chief inspector.  Ohio Admin. Code §5120-9-31(K)(3).  This appeal must be filed within fourteen days of the disposition of the formal grievance.  Id.  All inmates receive both written and oral instructions on how to use the grievance system, including instructions on appeals to the chief inspector's office and how to file direct grievances to that office, as required by Ohio Admin. Code §5120-9-31(C).

> In their motion to dismiss, the defendants argue:
>> [b]y contrast with these requirements, Plaintiff's Complaint acknowledges that he failed to exhaust the inmate grievance procedure against the Defendants before filing this case.  Indeed, although Plaintiff describes the numerous kites he claims he sent to Defendants Dr. Woods and Nurse Murphy describing his "serious medical needs," the mere writing of a kite does not even begin, much less completely exhaust, an inmate's administrative remedies under the PLRA; "[t]he exhaustion requirement means that *all* administrative remedies must be exhausted." Leonard v. Mohr, 2:11-CV-152, 2012 WL 423771, at *4 (S.D. Ohio Feb. 9, 2012)(citing Booth v. Churner, 532 U.S. 731, 740-41 (2001)).  And although Plaintiff may have filed an Informal Complaint Resolution, it remains clear that he never completed the administrative procedure by filing a notification of grievance pursuant to O.A.C. 5120-9-31(K)(2) or appeal pursuant to O.A.C. 5120-9-31(K)(3).

(Doc. 5 at 10) (citation omitted).  In the complaint, Mr. McCain alleges that he exhausted his administrative remedies by submitting various kites to Dr. Woods and Nurse Murphy regarding his serious medical needs arising from his fall on the ice, receiving responses to his kites, and sending a letter to Dr. Eddy concerning his medical condition.  (Doc. 3 at 14).  One kite quoted by Mr. McCain in his complaint highlights the fact that he was proceeding outside of the grievance system, stating "I don't wanna file a 'Grievance' that's why I'm contacting you...."  Id.

-6-

at ¶15.  In his memorandum in opposition, Mr. McCain outlines the various steps he took – sending kites, receiving responses, and filing an informal complaint – in an effort to get his concerns addressed.  These steps are insufficient to satisfy the requirement that Mr. McCain exhaust his administrative remedies in Ohio Admin. Code §5120-9-31 prior to bringing this lawsuit.  Based on the record before it, it is clear to this Court that Mr. McCain failed to exhaust his administrative remedies.  Consequently, the Court will recommended that Mr. McCain's complaint be dismissed without prejudice.

### III. Conclusion

Based upon the forgoing, the Court recommends that the motion to dismiss be granted (Doc. 5) and that the complaint be dismissed without prejudice for failure to exhaust administrative remedies.

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the

right to appeal the decision of the District Court adopting the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

<u>/s/Terence P. Kemp</u>
United States Magistrate Judge
